**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| GUIZHEN CHEN, a.k.a. Chen Guizhen, a.k.a. Guizhen Lewis,<br><br>               Petitioner,<br><br>   v.<br><br>ERIC H. HOLDER, Jr., Attorney General,<br><br>               Respondent. | No. 08-71697<br><br>Agency No. A079-769-954<br><br><br>MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:    CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Guizhen Chen, a native and citizen of China, petitions for review of the

Board of Immigration Appeals' ("BIA") order dismissing her appeal from an

immigration judge's decision denying her application for asylum, withholding of

removal and protection under the Convention Against Torture ("CAT"). We have

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence factual findings. *Li v. Holder*, 559 F.3d 1096, 1102 (9th Cir. 2009). We deny in part and grant in part the petition for review, and remand.

Chen does not challenge the agency's dispositive finding that her application for asylum was untimely. Accordingly, we deny the petition for review as to her asylum claim.

Chen contends local family planning authorities subjected her to insertion of an IUD, she later fled her home town to avoid sterilization by the same family planning authorities, and contends, as she did before the BIA, she was forced to abort her third pregnancy due to continuing threats of sterilization. *See Wang v. Ashcroft*, 341 F.3d 1015, 1020 (9th Cir. 2003) (finding that petitioner "established past persecution through two forced abortions and an IUD insertion"). In evaluating her claim, the BIA did not address Chen's contention that the threat of forced sterilization and the abortion of her third pregnancy constituted past persecution. Accordingly, we remand to the BIA for further proceedings. *See Brezilien v. Holder*, 569 F.3d 403, 412 (9th Cir. 2009) (remanding where BIA failed to address petitioner's claim); *see also INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part;**

**REMANDED.**